

Filed by
ELECTRONIC   D.C.

Jan 20 2004

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. · MIAMI

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 03-62145–CIV-DIMITROULEAS
### Magistrate Judge TORRES

RAMSEY AGAN,
GRACE AGAN, and
SHERRY ANN SPIES,
on behalf of themselves and
all others similarly situated,

       **Plaintiffs,**

**vs.**

KATZMAN & KORR, P.A.,
LEIGH C. KATZMAN, and
FERREN KORR,

       **Defendants.**

_____/

## DEFENDANTS' MOTION TO DISMISS THE CLASS ACTION COMPLAINT

Defendants, KATZMAN & KORR, P.A. ("K&K Law Firm"), LEIGH C. KATZMAN and FERREN KORR (collectively referred to herein as "Defendants"), by and through their undersigned counsel, and pursuant to Federal Rules of Civil Procedure 8(a), 12(b)(1), 12(b)(6), 12(e) and 12(f) as well as Local Rule 7.1(A) hereby move the Court as follows:

### RELIEF REQUESTED

1.      To dismiss each and every cause of action in the Class Action Complaint against Defendants, Leigh C. Katzman ("Katzman") and Ferren Korr ("Korr"), because Plaintiffs have not alleged, nor can they establish improper conduct to warrant piercing the corporate veil.

2.      To dismiss the complaint in its entirety as to all Defendants, as a matter of law, for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

1

    150283.1

**12/lk**

3.      To dismiss the complaint in its entirety as to all Defendants, as a shotgun pleading, in violation of Federal Rule of Civil Procedure 8(a).

4.      To dismiss the complaint in its entirety as to all Defendants for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  Plaintiffs' assertion of original federal question jurisdiction pursuant to 28 U.S.C. §1337 fails because Plaintiff does not, and cannot, state a claim upon which relief may be granted under the Federal Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. (Count I of the Complaint).  As a result of the dismissal of Plaintiffs' Federal law claim, this Honorable Court should not retain supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiffs' remaining State law claims contained in Counts II of the Complaint.

5.      To dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) with respect to Plaintiff Sherry Ann Spies for lack of subject matter jurisdiction for there is no diversity of citizenship and the amount in controversy requirement has not been met.

6.      To abstain from hearing this matter pending the outcome of Plaintiff Agan's State court case.

7.      To strike Plaintiffs' Exhibits C & D from the Complaint pursuant to Federal Rule of Civil Procedure 12(f) because such evidence is privileged and confidential and was obtained during settlement negotiations and therefore is inadmissible.

8.      In the alternative, if the relief requested in 1, 2, 3, 4, 5 and 6 above is not fully granted and the Complaint is not dismissed, pursuant to Federal Rule of Civil Procedure 12(e), to compel Plaintiffs to provide a more definite statement of the facts supporting their theories of and allegations purporting to establish liability for relief against Defendants.

2

## MEMORANDUM OF LAW

### I.   INTRODUCTION

A.      **Factual Background**[1]

Plaintiffs, Ramsey and Grace Agan ("Agan") and Sherry Ann Spies ("Spies") filed this action against Defendants alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1962 *et seq.* (hereinafter "FDCPA"), and the Florida Consumer Collections Practices Act, Fla. Stat. §§559.55 *et seq.* (hereinafter "FCCPA"), stemming from Defendants' attempts to collect condominium assessments on behalf of their clients from Agan and Spies.  Plaintiffs allege that by correspondence dated December 4, 2002, along with a Claim of Lien, Defendants sought to collect past due condominium assessments from Agan owed to Plaza East Association, Inc.  Plaintiffs also allege that by correspondence dated July 30, 2002, Defendants sent a letter and Claim of Lien to Spies, seeking to collect past due condominium assessments owed to Karanda Village II Condominium Association, Inc.  In their complaint, Plaintiffs contend that these actions taken by Defendants violate the FDCPA and FCCPA.

B.      **Summary of Arguments**

The Complaint should be dismissed with respect to Leigh Katzman and Ferren Korr because Plaintiffs have not alleged, nor can they establish improper conduct to warrant piercing the corporate veil.  Furthermore, Plaintiffs' claims alleging violations of the FDCPA and FCCPA are defective since condominium assessments are not considered consumer debt under Florida law because such fees arise by contract and do not reflect deferred payments on a prior debt. Since Plaintiffs fail to state a claim upon which relief can be granted, and their federal claim

---

[1] This section is drawn from the factual allegations contained in the Complaint and is referenced only for purposes of this Motion.  The Movants reserve the right to contest the accuracy of any of the facts set forth in the Complaint.

should be dismissed, subject matter is lacking and this court should not retain supplemental jurisdiction over Plaintiffs remaining state law claim.   In addition, Plaintiff Sherry Ann Spies' claim should be dismissed due to lack of subject matter jurisdiction.   Ms. Spies (a Florida resident) only asserts state law claims against Florida residents.   In any event, Spies' claims do not have the requisite amount in controversy. This Court should also abstain from hearing this matter pending the outcome of Plaintiffs' State court case.   Lastly, this Court should also strike Plaintiffs' Exhibits C and D from the Complaint since they are privileged and confidential records and were obtained by Plaintiffs during bona fide settlement negotiations.

## II.   ARGUMENT

### A.   The Complaint Fails to Offer Facts Sufficient to Sustain a Finding of Proof of Improper Conduct to Warrant Piercing the Corporate Veil

The Complaint should be dismissed against Katzman and Korr as they are protected from individual liability and Plaintiffs have not alleged or established any of the elements required by Florida law to "pierce the corporate veil."   K&K Law Firm, as a professional corporation, is defined as a corporate entity by Fla. Stat. §621.

The Florida Supreme Court has created a strict standard for those wishing to pierce the corporate veil.   The rule is that the corporate veil will not be pierced absent a showing of improper conduct, or that the corporation was organized or employed for some fraudulent purpose or to mislead creditors. *Seminole Boatyard, Inc. v. Christoph*, 715 So.2d at 990 (Fla. 4th DCA 1998) (citing *Dania Jai-Alai Palace, Inc. v. Sykes*, 450 So.2d 1114, 1121 (Fla. 1984)). This legal principle is based in the theory that every corporation is created as a business organization and constitutes a legal entity that can do business in its own right and on its own credit as distinguished from the credit and assets of individual stockholders. *See Dania Jai-Alai*, 450 So.2d 1114, at 1120.   The mere fact that one or two individuals own and control the

4

corporation does not show that the corporate entity is a fraud or the alter ego of its stockholder. *See id.*

Furthermore, a corporation is an entity separate from its directors and shareholders, and ordinarily, the corporate veil will *not* be pierced. *See Lobato-Bleidt v. Lobato*, 688 So.2d 431 (Fla. 5th DCA 1997) (emphasis added).  Plaintiffs who would pierce the corporate veil bear a heavy burden under Florida law. *See, e.g. Becherer v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 43 F.3d 1054, 1064 (6th Cir. 1995).  Florida courts will pierce the corporate veil "only in exceptional cases." *Eagle v. Benefield-Chappell, Inc.*, 476 So.2d 716, 719 (Fla. 4th DCA 1985). Florida law on the subject of piercing the corporate veil disfavors piercing.  Indeed, Florida courts are extremely reluctant to "pierce the corporate veil" unless there has been "extreme abuse of the corporate form." *Government of Aruba v. Sanchez*, 216 F. Supp. 2d 1320, 1362 (S.D. Fla. 2002); *Resolution Trust Corp. v. Latham & Watkins*, 909 F. Supp. 923, 930-932 (S.D. N.Y. 1995) (recognizing the "somewhat conservative character of Florida veil-piercing jurisprudence); *see Johnson Enterprises of Jacksonville, Inc. v. FPL Group, Inc.,* 162 F. 3d 1290, 1321 (11th Cir. 1998); *Steinhardt v. Banks*, 511 So. 2d 336, 339 (Fla. 4th DCA 1987).  Indeed, the burden of proof to pierce the corporate veil in Florida is very high. *See Resolution Trust Corp.*, 909 F. Supp. at 930.

Thus, to pierce the corporate veil in Florida, Plaintiffs must prove three factors:

(1) the shareholders dominated and controlled the corporation to such an extent that the corporation's independent existence, was in fact non-existent and the shareholders were in fact alter egos of the corporation; and

(2) the corporate form must have been used fraudulently or for an improper purpose; and

(3) the fraudulent or improper use of the corporate form caused injury to the claimant.

5

*Seminole Boatyard*, 715 So.2d at 990.  Plaintiffs must allege sufficient facts to demonstrate K&K Law Firm is an alter ego of each of Katzman and/or Korr.  Plaintiffs also would have to establish that K&K Law Firm was organized or employed for some fraudulent purpose or to mislead creditors.  Florida law further requires Plaintiffs to prove Katzman and Korr used this corporate entity fraudulently or for an improper purpose **and** that the improper use caused an injury to Plaintiffs.  *See id*.  Plaintiffs have omitted to make such allegations in their Complaint.

1.

In their Complaint, Plaintiffs failed to allege and cannot show that K&K Law Firm is an alter ego of each Katzman and/or Korr.  The Florida Courts, in addressing this issue, have articulated the relevant factors to be considered for piercing the corporate veil. *See Raber v. Osprey Alaska, Inc.*, 187 F.R.D. 675, 679 (M.D. Fla. 1999).  These factors include whether the corporations' principals "observe corporate formalities, commingling funds of other corporations with [personal] funds, using the assets of the corporation for his own personal use, failing to adequately capitalize the corporation, and using the corporate form to avoid liability." *Id*. at 679. Deference will also be given to the amount of equity capital and the extent of domination and control of the corporation by the corporate officer or owner. *See Shearson Hayden Stone, Inc. v. Lumber Merchants, Inc.,* 500 F.Supp. 491, 502 (S.D. Fla. 1980).  Even reviewing this motion to dismiss in the light most favorable to the Plaintiffs, and accepting all allegations as true, there is not a single specific factual allegation demonstrating how Katzman and/or Korr commingled funds of any corporation with their personal funds, or used corporate assets for either of their own personal uses, or that any corporation was inadequately capitalized, or that the corporate form was used to avoid liability.  Furthermore, neither Katzman nor Korr conducted their

6

services or signed any documents as individuals but rather as principals of the corporation.  The

Complaint is devoid of any specific fact or allegation in any of these regards.

2.

Plaintiffs likewise cannot show that K&K Law Firm was formed or used for any

fraudulent or improper purpose.  *See discussion supra*.  Courts will not look behind a corporation

to hold its owners liable absent fraud or some illegal purpose or improper conduct. *See Gershuny*

*v. Martin McFall Messenger Anetesia, P.A.,* 539 So.2d 1131 (Fla.1989).  Such improper conduct

as defined by Florida's Supreme Court is described as a "corporation [that] was organized or

used to mislead creditors or to perpetuate a fraud upon them." *Dania Jai-Alai,* 450 So.2d at 1121

(quoting *Riley v. Fatt*, 47 So.2d 769, 773 (Fla. 1950)).  Individuals who utilize the corporate

form of existence may justifiably rely on the rules of law to shield them from personal liability

unless the corporation was formed for some illegal, fraudulent or other unjust purpose, which

justifies stripping them of their corporate immunity. *See Robert's Fish Farm v. Spencer*, 153

So.2d 718, 721 (Fla. 1963).  Therefore, Katzman and Korr are each entitled to the same level of

protection.  Plaintiffs have made absolutely no allegations of any supposed improper conduct by

either Katzman or Korr.

3.

Plaintiffs are likewise incapable of sustaining their burden of proof on the third prong of

the test articulated in *Seminole Boatyard,* 715 So.2d at 990, with regard to fraudulent or improper

use of the corporate form causing plaintiffs' injury.  Since neither Katzman nor Korr are alter

egos of K&K Law Firm, there is no basis to impose personal liability upon either of them for any

alleged and unsupported wrongful conduct of the corporate entity. *See Kanov v. Bitz*, 660 So.2d

1165 (Fla. 3rd DCA 1995).  Therefore, Plaintiffs' claims against Katzman and Korr must be

7

dismissed as a matter of law. *See Maurice Sunderland Architecture, Inc. v. Simon*, No. Civ. 4-94-122, 1994 WL 1091851, at *2 (D. Minn. Apr. 6, 1994) (dismissing claim for failure to provide facts to support alleged conclusion that defendants are "alter egos" and "controlling persons" of corporate entity).

**B.** **The Claims For Violations of The FDCPA and FCCPA Are Defective Since Condominium Assessments Are Not Considered Consumer Debt Under Florida Law. Therefore, This Motion Should Be Dismissed as to All Defendants.**

1.

In order to plead a valid FDCPA claim, the Complaint must show: (i) that the plaintiff has been the object of collection activity arising from consumer debt, (ii) that the defendant is a debt collector as defined by the FDCPA, and (iii) that the defendant has engaged in an act or omission prohibited by the FDCPA. *See Kaplan v. Assetcare, Inc.*, 88 F.Supp.2d 1355 (S.D. Fla. 2000). Likewise, the FCCPA states that "in collecting debts, no person shall claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist. Fla. Stat. 559.72(9). While Plaintiffs use the term "debt" several times throughout their Complaint, under Florida case law, condominium assessments are not considered consumer debt, and therefore do not fall within the purview of the FDCPA and FCCPA. See *Azar v. Hayter*, 874 F.Supp. 1314 (N.D. Fla. 1994) (holding that condominium assessments are not considered debt); *Bryan v. Clayton*, 698 So.2d 1236 (5th D.C.A. 1997) (holding that condominium assessments are not consumer debt within purview of FDCPA and FCCPA). Thus, Plaintiffs have failed to allege an essential element of both their FDCPA and FCCPA claims, and their Complaint must be dismissed.

8

As defined in the FDCPA and FCCPA, the term "debt" means "any obligation or alleged obligation of a customer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. §1962(a)(5), Fla. Stat. §559.55(1).

In *Azar*, the Court stated that unpaid condominium assessments did not fit within the meaning of the term "debt" as defined in the FDCPA.  In its conclusion, the Court asserted that "such fees arise by contract with the purchase of real estate in this form, are assessed on a regular basis, and … do not reflect deferred payments on a prior debt."  The Court found that the *Azar* plaintiff had failed to state a claim under the FDCPA because he had failed to allege the essential elements of a "debt."  Similarly, in *Bryan*, the Court was asked to decide whether maintenance assessments owed to a homeowner's association are "debts" for purposes of the FDCPA and FCCPA.  Summarizing the actions of other federal courts taken in response to this question, the *Bryan* Court concluded that this legislation does not embrace assessments of property owners for the mutual maintenance of the commonly held areas of the community.  The Court ultimately ruled that such assessments are not consumer "debts" within the purview of the FDCPA and FCCPA.

Since condominium assessments are not considered debt under Florida law, Plaintiffs have not met the basic requirements for pleading violations of the FDCPA and the FCCPA.

2.

In Count II of their Complaint, Plaintiffs allege Defendants' violations of the FCCPA. Under the FCCPA, a person collecting debts is prohibited from (i) claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate or (ii)

9

asserting the existence of a legal right when that person know that the right does not exist. Fla. Stat. §559.72(9).  Therefore, one threshold requirement to pleading a cause of action under the FCCPA is alleging that the debt collector utilized these prohibited practices.  However, the Complaint does not contain the requisite allegations.  Rather, Plaintiffs simply recite the statutory language without identifying how Defendants' action violated the FCCPA.  Therefore, Plaintiffs have failed to plead the necessary components of an FCCPA claim and their claims under this Act must be dismissed for failing to state a cause of action upon which relief can be granted.  *See* Fla. Stat. §§559.72(9); *Kaplan v. Assetcare, Inc.*, 88 F.Supp.2d at 1363 (holding that the FCCPA requires an allegation of knowledge or intent by the debt collector in order to state a cause of action).

In discussing the requirements for pleading violations of the FCCPA, the Court in *In re Cooper*, 253 B.R. 286 (Bankr. N.D. Fla. 2000), took note that the FCCPA is narrower in scope than the FDCPA.  Examining the language from Fla. Stat. §559.72(9), the Court emphasized that the use of the word "knows" requires actual knowledge of the impropriety or overreach of a claim.  Therefore, the Court concluded that an essential element of an FCCPA claim is an allegation of knowledge or intent by the debt collector.  *Id*. at 290.  In *Gill v. Kostroff*, 82 F.Supp. 1354 (M.D. Fla. 2000), it was determined that a court will not enter judgement under the Act based on mere conclusory allegations of a plaintiff.  This is consistent with the earlier decision reached in *Kaplan*, 88 F.Supp.2d at 1363, where the Court ruled that the FCCPA requires an allegation of knowledge or intent by the debt collector in order to state a cause of action.

As noted above, Plaintiffs' complaint does not contain specific allegations as to Defendants' knowledge of the debt's legitimacy or their intent to assert a legal right when they

10

knew none existed.  Such failure on Plaintiffs behalf to sufficiently plead this cause of action warrants its dismissal.

3.

In their Complaint, Plaintiffs Agan and Spies assert that Defendants' used a claim of lien to collect an alleged debt owed to their respective condominium associations in violation of the FDCPA and FCCPA.  *See Complaint at ¶¶ 12 and 24.*  However, Plaintiffs are mistaken as to the nature of Defendants' claims of lien.  Under Florida law, a claim of lien is not a collection device, but rather an instrument to secure payment of an underlying debt.  *See* Fla. Stat. §718.116(5)(a).  Since Defendants' claims of lien are designed to secure the legal interest in the condominium assessments and are not considered an attempt to collect a debt under Florida law, Defendants did not violate the FDCPA or FCCPA when they recorded these liens.  Therefore, in this regard, Plaintiffs have failed to state a claim upon which relief can be granted and the Complaint should be dismissed.

4.

Plaintiffs have not properly plead their claims in the manner required by the Federal Rules of Civil Procedure.  Federal Rule of Civil Procedure 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief.  However, Plaintiffs' Complaint resembles a typical shotgun pleading, containing "several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002).  Under Count I, instead of specifically describing Defendants' actions in violation of the FDCPA, Plaintiffs merely incorporate all the foregoing paragraphs of the entire Complaint by

11

reference.  *See Complaint at ¶ 43*.  Similarly, in support, or lack thereof, of Count II, Plaintiffs omit any factual support for their claims of Defendants' violations of the FCCPA.  Once again, Plaintiffs simply "repeat, reallege, and incorporate by reference the foregoing paragraphs."  *See Complaint at ¶ 45*.  A shotgun pleading is in no sense a short and plain statement of the claim as required by Rule 8.  *Magluta v. Samples*, 256 F.3d 1282, 1284-1285 (11th Cir. 2001).  With a shotgun pleading, it is virtually impossible to know which allegations of fact are intended to support which claims for relief.  *Anderson v. Dist. Bd. of Trustees of Cent. Fl. Comm. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).  Shotgun pleadings impede the orderly, efficient and economic disposition of disputes as well as the court's overall ability to administer justice.  *See Byrne v. Nezhat*, 261 F.3d 1075, 1128, 1131 (11th Ci. 2001); *Ebrahami v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1977).

Because Plaintiffs have failed to separate out the allegations that apply to each count of their complaint and have incorporated every preceding count into the counts that follow, Plaintiffs' complaint is a typical shotgun pleading, as noted above.  Plaintiffs have failed to properly plead their case.  Plaintiffs' Complaint should be dismissed.  At a bare minimum, and pursuant to Federal Rule of Civil Procedure 12(e), Plaintiffs should be compelled by the Court to replead their claims in a proper manner so as to avoid improper and unnecessary repetition of irrelevant factual allegations and legal conclusions.

C.  **Given The Dismissal of Plaintiffs' Federal Law Claim, Plaintiffs' State Law Claim Should Be Dismissed.**

Plaintiffs assert that this Court has supplemental jurisdiction over Count II of their Complaint pursuant to 28 U.S.C. §1367.  However, if Plaintiffs' Federal claim is dismissed, then the State law claims should be dismissed (without prejudice) as well.  Pursuant to 28 U.S.C. § 1367(c), the Court may dismiss any state law claims where it has "dismissed all claims over

12

which it has original jurisdiction."  In other words, the Court, in its discretion, must decide whether or not to retain jurisdiction over Plaintiffs' state law claims.  *See United Mine Workers v. Gibbs*, 383 U.S. 715, 725-26, 86 S.Ct. 1130, 1138-39, 16 L.Ed.2d 218 (1966) (dismissal of state law claims is strongly encouraged when federal law claims are dismissed prior to trial).

Here, the resolution of Plaintiffs' state law claims depends upon determinations of state statutory and common law.  "State courts, not federal courts, should be the final arbiters of state law."  *Baggett v. First Nat. Bank of Gainesville*, 117 F.3d 1342 (11th Cir. 1997).  The fact is that courts in this district routinely dismiss state law claims under these circumstances because "judicial economy, fairness, convenience and comity dictate having these state law claims decided by the state courts."  *Baggett v. First Nat. Bank of Gainesville*, *supra.* at 1353. *See also Crosby v. Paulk*, 187 F.3d 1339, 1352 (11th Cir. 1999) (*citing Roche v. John Hancock Mut. Life Ins. Co.*, 81 F.3d 249, 257 (1st Cir. 1996)); *Stefiuk v. First Union National Bank of Florida*, 61 F.Supp.2d 1294, 1299 (S.D.Fla. 1999).  The same result should obtain here.

As stated above in subsection B, not only have Plaintiffs failed to state a cause of action upon which relief may be granted under the federal Fair Debt Collection Practices Act (*i.e.*, failure to plead the essential elements of their claim), they cannot do so as a matter of law.  Based on the foregoing legal authority, this Court should dismiss Plaintiffs' federal claim and all pendant state law claims.

**D.  Plaintiff Sherry Ann Spies' Claim Should Be Dismissed For This Court Lacks Subject Matter Jurisdiction.**

This Court does not have subject matter jurisdiction to hear Sherry Ann Spies' claim.  Ms. Spies' claim is based entirely on Defendants' alleged violation of the Florida Consumer Collections Practices Act, Fla. Stat. §§559.55 *et seq*.  By Plaintiffs' own pleadings, "Ms. Spies' claims are typical of those of the FCCPA class members." *See Complaint at ¶ 39*.  Clearly,

13

Plaintiff Spies does not assert a federal claim.  In addition, this Court lacks subject matter jurisdiction over Ms. Spies' claim both because Ms. Spies sues only non-diverse defendants and because the claim fails to satisfy the "amount in controversy" requirement set forth in 28 U.S.C. §1332(a) (2001).  28 U.S.C. § 1332(a) (2001), provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs[.]"  Nowhere in the complaint do Plaintiffs, including Ms. Spies, allege that the amount in controversy exceeds $75,000.  Therefore, Plaintiffs have not met this key requirement, and the Complaint should be dismissed with respect to Plaintiff Sherry Ann Spies.

**E. This Court Should Abstain From Hearing This Case Pending the Outcome of Agan's State Court Action.**

This Court should abstain from hearing this case because there is currently a State court action pending styled *Plaza East Association, Inc. vs. Ramsey Agan, et. al.*, Case No.: 03-002210-81, in which Plaintiff Agan is litigating the validity of the same claim of lien and collection activities as those at issue herein.

In *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), the Supreme Court ruled that a federal court, in the absence of unusual circumstances, cannot interfere with a pending criminal state case.  This ruling has since been interpreted to apply to State civil proceedings as well.  In *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987), the Supreme Court, relying on *Moore v. Sims*, 442 U.S. 415, 99 S.Ct. 2371 60 L.Ed.2d 994 (1979) ruled that if state courts resolve an issue on state statutory or constitutional grounds, it would avoid unwarranted determinations of federal constitutional questions.  As noted above, Plaintiff Agan presently has a State court action pending against Defendants, where Agan is challenging the validity of Defendants' claim of lien and collection practices under the Florida

14

Consumer Collection Practices Act.   Therefore, Plaintiffs have a forum that is currently entertaining their claims with regard to this matter.   Accordingly, a federal court should not interfere with the State court, which is charged with interpreting State law.   Therefore, this Court should abstain from hearing this matter until the pending state action is resolved.

**F.   <u>Exhibits C & D, Defendants' Billing Worksheets, Should Be Striken Because They Are Privileged and Confidential Records and Were Obtained During Legitimate Settlement Negotiations</u>.**

This Court should strike Plaintiffs' Exhibits C & D from the Complaint because such evidence is inadmissible.   Exhibits C & D are comprised of Defendants' billing worksheets noting attorneys' fees and costs incurred by Defendants in connection with their attempts to collect Agan's past due condominium assessments.   As discussed above, there is currently a State court action pending between Agan and Defendants.   In an attempt to resolve that matter, the parties entered settlement negotiations.   In furtherance of these negotiations and to provide Agan with proof of the fees and costs incurred, Defendants supplied Agan with a copy of their internal billing worksheets.   Plaintiffs now want to utilize these documents to prove liability on behalf of Defendants.   However, under Florida law, settlement offers and statements made during settlement negotiations are inadmissible.   Fla. Stat. §90.408 states: "Evidence of an offer to compromise a claim which was disputed as to validity or amount, as well as any relevant conduct or statements made in negotiations concerning a compromise, is inadmissible to prove liability or absence of liability for the claim or its value."   In addition, settlement offers made while the controversy is pending, as they were in the present case, are inadmissible and admission of such offers is prejudicial. *See Mutual Ben. Healther & Accident Ass'n v. Bunting*, 183 So. 321 (Fla. 1938); *City of Coral Gables v. Jordan*, 186 So.2d 60 (Fla. 1966).   Because these records were produced for the sole purpose of settling a pending State court litigation, they

15

are not admissible in this Federal action.  Therefore, Exhibits C & D should be stricken from

Plaintiffs' Complaint.

**CONCLUSION**

For all of the foregoing reasons, the within motion should be granted and the Class

Action Complaint should be dismissed.

Dated:  January 20, 2004
Miami, Florida

> **WILSON, ELSER, MOSKOWITZ,**
> **EDELMAN & DICKER, LLP**
> Attorneys for Defendants
> *Katzman & Korr, P.A.*
> *Leigh C. Katzman, and*
> *Ferren Korr*
> 3800 Bank of America Tower
> 100 S.E. Second Street
> Miami, Florida 33131
> Tel: (305) 374.4400
> Fax: (305) 579.0261
>
>
> By: _____
>     JAMES M. KAPLAN
>     Florida Bar No. 921040

16

<u>**CERTIFICATE OF SERVICE**</u>

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished by

fax and United States first-class mail on this 20th day of January 2004, to the following:

F. Blane Carneal, Esq.
403 SW 8 Street
P.O. Box 030129
Fort Lauderdale, FL 33303
(954) 527-0400
(954) 527-0408

    Attorneys for Plaintiffs

O. Randolph Bragg
Trial Counsel
Horwitz, Horwitz & Associates
25 East Washington Street, Suite 900
Chicago, IL 60602
(312) 372-8822
(312) 372-1673 (Fax)

    Attorneys for Plaintiffs

By: _____
      JAMES M. KAPLAN

17