## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

RAMSEY AGAN,                          )
GRACE AGAN, and                       )
SHERRY ANN SPIES,                     )      **PLAINTIFFS' OPPOSITION**
on behalf of themselves and           )      **TO DEFENDANTS' MOTION**
all others similarly situated,        )      **TO DISMISS THE CLASS**
                                      )      **ACTION COMPLAINT**
     Plaintiffs,                  )
                                      )
     v.                           )      **Case No.  03-62145**
                                      )      **CIV-DIMITROULEAS**
KATZMAN & KORR, P.A.                  )
LEIGH C. KATZMAN,                     )
FERREN L. KORR,                       )
                                      )
     Defendants.                  )



### PLAINTIFFS' OPPOSITION TO
### DEFENDANTS' MOTION TO DISMISS
### THE CLASS ACTION COMPLAINT

     Plaintiffs Ramsey Agan, Grace Agan, and Ann Spies on behalf of a purported

class, who bring this action for defendants' overcharging consumers for attorney fees and

attorneys costs as well as other violations of the Fair Debt Collection Practices Act. 15 U.S.C.

§§1692 *et seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat.

§§559.55 *et seq.* (hereinafter "FCCPA"), now file their Memorandum in Opposition to

Defendants' Motion to Dismiss the Class Action Complaint.  (Hereinafter "Def.Mem.")

## I.    PROCEDURAL HISTORY

     On December 2, 2003, plaintiffs Ramsey Agan, Grace Agan, and Ann Spies filed

a class action complaint alleging that defendants **Katzman & Korr, P.A., Leigh C. Katzman,**

**and  Ferren L. Korr** overcharged consumers for attorneys fees and attorneys costs and

committed other violations of the Fair Debt Collection Practices Act. 15 U.S.C. §§1692 *et seq.*

("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. §§559.55 *et seq*.

(hereinafter "FCCPA") On January 31, 2004 Defendants' Motion to Dismiss the Class Action

Complaint was filed.

## II.   STATEMENT OF FACTS

Plaintiff Ramsey Agan is an individual who resides in Fort Lauderdale,

Florida.  Plaintiff Grace Agan is an individual who resides in Fort Lauderdale, Florida.

Plaintiff Sherry Ann Spies is an individual who resides in Coconut Creek, Florida.

Defendant Katzman & Korr, P.A., a Florida professional corporation, is a law firm with

various offices located at 5581 West Oakland Park Blvd., Second Floor, Lauderhill,

Florida.  Defendant Leigh C. Katzman is an attorney at law with his principal place of

business at Katzman & Korr, P.A., 5581 West Oakland Park Blvd., Second Floor,

Lauderhill, Florida.  Defendant Ferren L. Korr is an attorney at law with his principal

place of business at Katzman & Korr, P.A., 5581 West Oakland Park Blvd., Second

Floor, Lauderhill, Florida.  Defendants regularly attempt to collect debts incurred for

personal, family, or household purposes from consumers on behalf of creditors, such as

Plaza East Associates, Inc. and Karanda Village II Condominium Association, Inc.

Class Action Complaint #3-#9.

Correspondence, dated December 4, 2002, on the letterhead of Katzman

& Korr, P.A. bearing the signature of Leigh C. Katzman, was sent to Mr. and Mrs. Agan

seeking to collect an alleged debt due Plaza East Association, Inc.  A copy of the

correspondence is attached to the Class Action Complaint as Exhibit A.  Exhibit A was

received by Mr. and Mrs. Agan.  Accompanying Exhibit A, a Claim of Lien, signed by

Leigh C. Katzman, was sent to Mr. and Mrs. Agan seeking to collect an alleged debt due Plaza East Association, Inc.  Said Claim of Lien is attached to the Class Action Complaint as Exhibit B.  Exhibit B, the Claim of Lien, was prepared by Ferren L. Korr.  Exhibit B was received by Mr. and Mrs. Agan..  The alleged debt due Plaza East Association, Inc. was incurred for personal, family, or household purposes, *i.e.* -- assessments through December 4, 2002.  Exhibits A and B state the amount of Attorney's Fees as $600.00.  Through December 4, 2002 the total amount of Fees incurred by Katzman & Korr, P.A. was $417.00.  Attached to the Class Action Complaint as Exhibit C.  Exhibits A and B state the amount of Attorney's Costs as $44.58.  Through December 4, 2002 the total amount of Expenses incurred by Katzman & Korr, P.A. was $33.02.  Attached as Exhibit D.  Exhibit B, the Claim of Lien, failed to state the due dates as required by Fla. Stat. § 718.116(5)(b).  Defendants regularly sent letters in the form of Exhibit A and Claim of Lien in the form of Exhibit B to Florida consumers.  Class Action Complaint #10-#21.

Correspondence, dated July 30, 2002, on the letterhead of Katzman & Korr, P.A. bearing the signature of Leigh C. Katzman, was sent to Ms. Spies seeking to collect an alleged debt due Karanda Village II Condominium Association, Inc.  A copy of the correspondence is attached to the Class Action Complaint as Exhibit E.  Exhibit E was received by Ms. Spies.  Accompanying Exhibit E, a Claim of Lien was sent to Ms. Spies seeking to collect an alleged debt due Karanda Village II Condominium Association, Inc.  Said Claim of Lien is attached to the Class Action Complaint as Exhibit F.  The Claim of Lien was prepared by Ferren L. Korr.  Exhibit F was received by

Ms. Spies.  The alleged debt due Karanda Village II Condominium Association, Inc. was incurred for personal, family, or household purposes, *i.e.* -- assessments through June 18, 2002.  Exhibits E and F state the amount of Attorney's Fees as $544.50 and $505.50 respectively.  Through June 18, 2002 the total amount of Fees incurred by Katzman & Korr, P.A. was $265.50.  Attached to the Class Action Complaint as Exhibit G.  The Claim of Lien failed to state the due dates as required by Fla. Stat. § 718.116(5)(b).  Defendants regularly sent letters in the form of Exhibit E and Claim of Lien in the form of Exhibit F to Florida consumers.  Class Action Complaint #22-#31.

It is or was the policy and practice of defendants to cause letters and Claim of Lien in the form of Exhibits A, B, E and F to be sent to consumers in the State of Florida which overstate the amount of Attorney's Fees and Costs due at the date of sending.  It is or was the policy and practice of defendants to cause Claim of Lien in the form of Exhibits B and F to be sent to consumers in Florida which fail to state the due dates.  It is or was the policy and practice of defendants to cause letters and Claim of Lien in the form of Exhibits A, B, E, and F to be sent to consumers in Florida which use false or deceptive means to collect or attempt to collect a debt.  Class Action Complaint #32-#34.

III. **STATEMENT OF QUESTIONS PRESENTED.**

Has plaintiffs' Class Action Complaint stated a claim upon which relief may be granted?

Plaintiffs respectfully suggest that this question should be answered in the affirmative.

## IV.   ARGUMENT

### A.   STANDARD FOR MOTION TO DISMISS

Defendants Katzman & Korr, P.A., Leigh C. Katzman, Ferren L. Korr, have filed a motion to dismiss this action for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  In deciding a motion to dismiss, a district court must accept the facts alleged in the complaint as true.  *Scheuer v. Rhoades*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).  When reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of the complaint are to be taken as true and construed in the light most favorable to the nonmoving party.  *Land v. Cigna Healthcare*, 339 F.3d 1286, 1289 (11th Cir. 2003).  Generally, the complaint should not be dismissed unless it appears that plaintiff can prove no set of facts that would entitle him or her to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957).  Also, *see*: Wright & Miller, Federal Practice and Procedure, Civil 2d § 1357.

Plaintiffs have set forth the facts as alleged in the complaint which must be accepted as true for the purpose of deciding Defendants' Motion to Dismiss the Class Action Complaint.

### B.   THE "LEAST SOPHISTICATED CONSUMER" STANDARD

The FDCPA states that its purpose, in part, is "to eliminate abusive debt collection practices by debt collectors" and to ensure that collectors who comply with the Act are not competitively disadvantaged by abusive collection practices utilized by noncomplying collectors.  15 U.S.C. §1692(e).  It is designed to protect consumers from unscrupulous collectors, whether

or not there is a valid debt. _Baker v. G.C. Services Corp._, 677 F.2d 775, 777 (9th Cir. 1982).

The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which

harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in

connection with the collection of a debt. 15 U.S.C. §§1692d, 1692e, and 1692f. The Act also

requires the debt collector to provide the consumer with notification of his or her rights. 15

U.S.C. §1692g.

      The U.S. Court of Appeals for the Eleventh Circuit has held that whether a

communication from a debt collector to a consumer violates the FDCPA is to be determined by

analyzing it from the perspective of the "least sophisticated debtor." _Jeter v. Credit Bureau_, 760

F.2d 1168 (11th Cir. 1985).

      This Court has held that the FDCPA is a strict liability statute. _Kaplan v._

_Assetcare, Inc._, 88 F. Supp. 2d 1355, 1361-62 (S.D.Fla. 2000). "The FDCPA is a strict liability

statute and thus does not require a showing of intentional conduct on the part of the debt

collector." _Pittman v. J.J. Mac Intyre Co._, 969 F. Supp. 609, 613 (D.Nev. 1997). Also, see:

_Taylor v. Perrin Landry, deLaunay and Durand_, 103 F.3d 1232, 1236 (5th Cir. 1997); _Bentley v._

_Great Lakes Collection Bureau_, 6 F.3d 60, 62 (2d Cir. 1993). "Because the Act imposes strict

liability, a consumer need not show intentional conduct by the debt collector to be entitled to

damages." _Russell v. Equifax A.R.S._, 74 F.3d 30, 33 (2d Cir. 1996).

**C.    MESSRS. KATZMAN AND KORR ARE PERSONALLY INVOLVED IN
THE COLLECTION OF PLAINTIFFS'
AND THE CLASS MEMBERS' ALLEGED DEBTS.**

      Defendants first argue that Leigh C. Katzman and Ferren Korr are shielded from

individual liability by the corporate form. Def.Mem. pp. 4-8. Defendants are wrong. The

6

corporate form does not insulate individual debt collectors involved in the collection from

liability under the FDCPA and the  FCCPA.

        The FDCPA states:

> The term "debt collector" means any person who uses any instrumentality of
> interstate commerce or the mails in any business the principal purpose of which is
> the collection of any debts, or who regularly collects or attempts to collect,
> directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. §1692a(6).  The FCCPA provides: "`Debt collector' means any person who uses any

instrumentality of commerce within this state, whether initiated from within or outside this state,

in any business the principal purpose of which is the collection of debts, or who regularly collects

or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due

another." Fla. Stat. §559.55(6).  Attorneys collecting debts through litigation may be included in

the definition of "debt collector." *Heintz v. Jenkins*, 514 U.S. 291, 115 S.Ct. 1489, 131 L.Ed.2d

395 (1995).

        As the Class Action Complaint alleges Mr. Katzman and Mr. Korr fall within the

definition of debt collector, *i.e.* - they use the mail to collect in a business the principal purpose

of which is the collection of any debts, or who regularly collects or attempts to collect, directly or

indirectly, debts owed or due or asserted to be owed or due another. to collect, debts.  Mr.

Katzman and Mr. Korr "regularly attempt to collect debts incurred for personal, family, or

household purposes from consumers on behalf of creditors such as Plaza East

Associates, Inc. and Karanda Village II Condominium Association, Inc."  Class Action

Complaint #9.  Mr. Katzman signed Exhibits A, B, and E.  Class Action Complaint ##10,

12, and 22.  Mr. Korr prepared Exhibits B and F.  Class Action Complaint ##13 and 25.

        Officers and employees directly involved in the collection through a collecting

agency may be jointly and severally liable with the agency. *Piper v. Portnoff Law Associates*, 274 F.Supp.2d 681, 689-90 (E.D.Pa. 2003). "A high-ranking employee, executive or director of a collection agency may fit within the statutory definition of a debt collector." *Musso v. Seiders*, 194 F.R.D. 43, 46-47 (D.Conn. 1999). In *Ditty v. Checkrite, Ltd.*, 973 F.Supp. 1320, 1336-37 (D.Utah 1997), the district court found that a collection firm's attorney who satisfied the definition of debt collector was personally liable under the FDCPA. Also, see: *West v. Costen*, 558 F.Supp. 564, 587 (W.D.Va. 1983).

In *Teng v. Metropolitan Retail Recovery, Inc.*, 851 F.Supp. 61, 67 (E.D.N.Y. 1994), the district court reasoned:

> First, each employee is himself a "debt collector" within the statutory definition, namely, each is a "person" in a business, "the principal purpose of which is the collection of any debts or who regularly collects or attempts to collect ... debts owed or due ... another ...."
>
> Second, Zapata and Soto are each affirmative actors and tortfeasors, who actually made the actionable phone calls, and would be personally liable if this was a tortious cause of action. Thus, the defendants Met Retail, Zapata and Soto are jointly and severally liable for the damages incurred by the plaintiff, if there is liability.

Thus, plaintiffs have stated a claim against Mr. Katzman and Mr. Korr as proper defendants in this matter because they individually participated in the attempted collection of plaintiffs' alleged debts. Plaintiffs do not seek to pierce the corporate veil, as defendants' counsel incorrectly assume, but name Mr. Katzman and Mr. Korr as individual debt collectors who have violated the FDCPA and FCCPA.

## D.  CONDOMINIUM ASSESSMENTS ARE "DEBTS" WITHIN DEFINITION OF THE FDCPA AND THE FCCPA.

Next defendants argue that condominium assessments are not debts

covered by the FDCPA and the FCC P.A.  Def.Mem. pp. 8-12.  Defendants are wrong.

The FDCPA states:

> (5)    The term "debt" means any obligation or alleged obligation of a consumer
> to pay money arising out of a transaction in which the money, property, insurance,
> or services which are the subject of the transaction are primarily for personal,
> family, or household purposes, whether or not such obligation has been reduced to
> judgment.

15 U.S.C. §1692a.  The Eleventh Circuit held in *Hawthorne v. MAC Adjustment, Inc.*,

140 F.3d 1367, 1371 (11th Cir. 1998), that "the statutory language further limits

application of the FDCPA to debts arising from consumer transactions."  See, also

*Brown v. Budget Rent-A-Car Systems, Inc.*, 119 F.3rd 922 (11th Cir. 1997).

Here the obligations alleged to be owed by the plaintiffs and the class

members are condominium assessments for residential property.  These debts arose

from a consumer transaction for personal, family, or household purposes, *i.e.* – the

purchase of an interest in a condominium.  Complaint # 15 and # 27.

Claims for condominium assessments have been held to be consumer

debts in a number of FDCPA cases.  In *Ladick v. Van Gemert*, 146 F.3d 1205 (10th Cir.

1998), *cert. den.*, 525 U.S. 1002 (1998), the Tenth Circuit found a condominium

assessment to be a debt subject to the FDCPA.  "[A]lthough the assessment at issue

here is used to maintain and repair the common area, it nevertheless has a primarily

personal, family, or household purpose."  *Id.* at 1207.  Also, see:  *Newman v. Boehm,*

*Pearlstein & Bright, Ltd.*, 119 F.3d 477 (7th Cir. 1997); *Garner v. Kansas*, 1999 WL

262100 (E.D.La., April 30m 1999); *Taylor v. Mount Oak Manor Homeowners Ass'n,*

*Inc.*, 11 F.Supp.2d 753 (D.Md. 1998); *Theis v. Law Offices of William A. Wyman*, 969

F.Supp. 604 (S.D.Cal. 1997); and *Dorsey v. Morgan*, 760 F.Supp. 509, 512 (D.Md. 1991). Most recently the Middle District of Florida has held that maintenance fees are debts within the FDCPA. *Fuller v. Becker & Polikoff, P.A.*, 192 F.Supp.2d 1361, 1366-68 (M.D.Fla. 2002).

Defendants rely upon *Azar v. Hayter*, 874 F.Supp. 1314 (N.D.Fla.1995), *aff'd without opinion*, 66 F.3d 342 (11th Cir. 1995), *cert. denied*, 516 U.S. 1048 (1996). Defendants have ignored the U.S. Court of Appeals decisions above but also fail to discuss the decision in *Fuller v. Becker & Polikoff, P.A.*, supra at 1366-68, where the defendants therein also urged the court's acceptance of *Azar v. Hayter*. The Middle District stated: "The Court declines to follow Defendants' interpretation of 'debt' and instead agrees with the Seventh Circuit's determination that maintenance assessments are debts under the FDCPA." *Fuller v. Becker & Polikoff, P.A.*, supra at 1367.

Defendants argue that the *Azar* court's determination that condominium assessments were not debts within the FDCPA should be followed here. However, the *Azar* court's reasoning is in conflict with most other decisions on his point. The Eleventh Circuit has ruled that the extension of credit is not an element of a debt covered by the FDCPA. "Because the Act requires no extension of credit, it does not appear beyond doubt that Brown can prove no facts in support of his claim that would entitle him to relief." *Brown v. Budget Rent-A-Car Systems, Inc.*, 119 F.3d 922, 925 (11th Cir. 1997). The Third Circuit, originator of the "extension of credit" concept, has now held:

> We are not bound by the "disavowed" statement in Zimmerman, as it was *dictum*. In our view, the plain meaning of section 1692a(5) indicates that a "debt" is created whenever a consumer is obligated to pay money as a result of a transaction whose subject is primarily for personal, family or household purposes. No "offer

or extension of credit" is required.

*Pollice v. National Tax Funding, L.P.*, 225 F.3d 379, 401 (3rd Cir. 2000).

      The Seventh Circuit has considered the argument that condominium assessments

are not debts because they are like tax obligations.

> We thus are unable to agree with defendants' suggestion that because all unit
> owners benefit, assessments like these can be likened to past-due tax obligations,
> which are not considered "debts" under the Act because they generally are used
> for communal rather than personal, family, or household purposes. ... The
> assessments here have a more specific household purpose than taxes collected by
> a governmental entity. Rather than generally providing for government services,
> these assessments are collected in order to improve and maintain commonly-
> owned areas used by each unit owner. The assessments thereby directly benefit
> each household in the development. As a result, the assessments have a "personal,
> family, or household purpose."

*Newman v. Boehm, Pearlstein & Bright, Ltd.*, supra at 481-82 (citations omitted). "The FDCPA

has no requirement that a service 'directly' benefit the consumer, as the *Riter* court concluded,

nor does the plain language of the FDCPA require a 'pro tanto exchange' as the court in *Azar*

did." *Theis v. Law Offices of William A. Wyman*, supra at 608. Thus, *Azar v. Hayter* is not valid

authority for defendants' argument that condominium assessments are not debts within the

FDCPA.

      Defendants also rely upon *Bryan v. Clayton*, 698 So.2d 1236 (Fla. 5th DCA 1997),

*rev. den.* 698 So. 2d 1236 (Fla. 1998), *cert. den.* 524 U.S. 933 (1998), which held that

maintenance assessments were not debts for the purposes of the FDCPA. The holding in *Fuller*

*v. Becker & Polikoff, P.A.*, supra, clearly rejects this conclusion. Furthermore, the decisions

relied upon by the *Bryan* court have either been reversed or, as discussed above, called into

question. Therefore, *Bryan v. Clayton* is not good authority. The Seventh Circuit has also

rejected this claim stating:

> Regardless of whether the assessment or the service comes first, the obligation to pay is derived from the purchase transaction itself. The assessments at issue in this case therefore qualify as "obligations of a consumer to pay money arising out of a transaction." 15 U.S.C. § 1692a(5).

*Newman v. Boehm, Pearlstein & Bright, Ltd.*, supra at 481.  Also, see:  *Taylor v. Mount Oak Manor Homeowners Ass'n, Inc.*, supra at 755.

The definition of debt in the FCCPA is the same as the definition of that term in the FDCPA.  The FDCPA defines a debt as " . . . any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. §1692a(5).  The FCCPA defines a debt as ". . . any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." Fla. Stat. §559.55.  The definition of "debt" is identical in both the federal and state statutes.  Nothing in the FCCPA suggests that the identical language be interpreted differently.  In fact, the Florida statute directs:

> Relationship of state and federal law.—Nothing in this part shall be construed to limit or restrict the continued applicability of the federal Fair Debt Collection Practices Act to consumer collection practices in this state. This part is in addition to the requirements and regulations of the federal act. **In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail.**

Fla. Stat. §559.552 (emphasis added).

Thus, the FCCPA is applied in concert with the FDCPA.  If there is any inconsistency, "the provision which is more protective of the consumer or debtor shall prevail." Since _Ladick v. Van Gemert_, supra; _Newman v. Boehm, Pearlstein & Bright, Ltd._, supra; _Garner v. Kansas_, supra; _Taylor v. Mount Oak Manor Homeowners Ass'n, Inc._, supra; and _Theis v. Law Offices of William A. Wyman_, supra, are "more protective of the consumer or debtor," they prevail.  The maintenance assessments sought to be collected here are debts covered by the FCCPA.

Defendants allege that the plaintiffs have failed to properly plead the knowledge element for violation of the FCCPA.  Def.Mem. pp. 9-11.  Defendants are wrong.

Mr. and Mrs. Agan allege that defendants sent them a letter (Exhibit A attached to the complaint) and a Claim of Lien (Exhibit B) demanding attorneys fees in the amount of $600 although the defendants had incurred only $417.00 in fees (Exhibit C).  Complaint #10-#17.  The amount of Attorney's Costs in Exhibits A and B were stated as $44.58 while defendants had only in incurred $33.02 (Exhibit D).  Complaint #18-#19.

Ms. Spies alleges that defendants sent her a letter (Exhibit E attached to the complaint) and a Claim of Lien (Exhibit F) demanding attorneys fees in the amounts of $544.50 and $505.50 respectively although the defendants had incurred only $265.50 in fees (Exhibit G).  Complaint #22-#29.

The these documents demonstrate that the defendants knew that they were overcharging Mr. and Mrs. Agan and Ms. Spies for attorneys fees and attorney's cost.  Therefore, plaintiffs have met the pleading requirements of the FCCPA that the defendants had knowledge of their violation of the Act.

Next defendants argue that "a claim of lien is not a collection device." Def.Mem. p. 11. This distinction is meaningless. In their letters (Exhibits A, B, and E) and the Claims of Lien (Exhibit C and F) defendants have demanded payment of unearned attorneys fees and attorney's costs in violation of the FDCPA and the FCCPA. Obviously these two Claims of Lien are "communications" pursuant to 15 U.S.C. §1692(2) and Fla. Stat. §559.55(5) – "the conveying of information regarding a debt directly or indirectly to any person through any medium." Thus, the Claim of Lien is covered by the FDCPA and the FCCPA.

The claim of lien is a collections device for it not only is the mechanism for the foreclosure of an alleged debt, as provided by F.S.718.116(5)(a), the lien was attached to the notice letters as an exhibit, further enumerating the alleged debt, and establishing the intent to collect the debt by foreclosure.

F.S.718.116(5)(b) states in part, "to be valid, the claim of lien must state the description of the condominium parcel, the name of the record owner, the name and address of the association, the amount due, and due dates."

Neither the notice letters, (Exhibits A, B, & E) or the claims of lien, (Exhibits C & F) provided AGAN or SPIES, as "least sophisticated consumers," an itemization of the alleged debt, so that they could determine what year, month, or date from which the original alleged delinquency occurred. The use of a cumulative total not only does not clarify the debt, it causes consumer confusion, for it is impossible from a reading of the documents, to determine the precise omitted payment by date and/or the exact amount alleged to be delinquent. This shifting of the burden to the consumer creates a circumstance in which the consumer, without notice, must refute the unknown.

14

Absent a more precise statement of the debt, the consumer does not have sufficient information to investigate, reconcile, recognize, or refute the debt.

The resulting uncertainty and confusion is the very purpose of such an elusive practice, for the consumer, in seeking to contest the unknown, is subject to an even greater risk of added attorneys fees and costs, all at the exposure of a possible loss of his or her home by foreclosure.

Although a mortgage foreclosure action, interpreting a Pennsylvania statue, not an assessment action, it is applicable to the issues raised in the complaint. The US District Court in the case of <u>Mainline Federal Savings and Loan V. Pierce V. United States Department of Housing Development,</u> 632 F. Sup. 9 (E.D. PA 1986) stated:

"Every debtor is at least entitled to know precisely how the total amount required to cure his default has been calculated."; Also see: <u>Fidelity Consumer Discount Co. V. Slaton,</u> No. 3847, May Term, 1981, Slip Op. at 5, (C.P. Philadelphia County, October 21, 1983).

Florida's 4th District Court of Appeals, in the case of <u>Maplewood Phase One Homeowner's Association, Inc. V. Cecil,</u> 585 So.2d 370 (4DCA 1991), in deciding a procedural issue on a bonding off of a lien matter, stated: "We have some misgivings about allowing the association to claim amounts due in the foreclosure action that are not specified or even hinted at in the claim of lien in the public records."

In the present circumstance, Agan and Spies are only provided a unilaterally asserted, cumulative total, not the specific payment in controversy, making it virtually impossible for these unit owners to determine how and when the alleged default occurred.

If it is impossible upon reading the letter and/or lien, for legal counsel and/or the

court to determine the exact date, month, or year of the origin of the alleged debt, how can the least sophisticated consumer?

Finally defendants argue that plaintiffs have not properly pled their claims pursuant to Rule 8 of the Federal Rules of Civil Procedure.  Def.Mem. pp. 11-12.  Defendants are wrong.

Defendants would require plaintiffs to plead each minute aspect of the case, prior to entering into discovery, at this early state of the litigation in order to avoid dismissal pursuant to Rule 12(b)(6).  Rule 8(a) requires simply "a short and plain statement of the claim showing that the pleader is entitled to relief."  The United States Supreme Court has stated that to avoid a Rule 12(b)(6) dismissal requires giving "fair notice of the basis for petitioner's claims." _Swierkiewicz v. Sorema N.A._, 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).  The Supreme Court demonstrated fair notice's brevity by quoting an example Complaint from the FRCP Forms consisting of twenty-eight words. _Id._ at 513 n4.

> These requirements are exemplified by the Federal Rules of Civil
> Procedure Forms, which "are sufficient under the rules and are intended to
> indicate the simplicity and brevity of statement which the rules contemplate." Fed.
> Rule Civ. Proc. 84. For example, Form 9 sets forth a complaint for negligence in
> which plaintiff simply states in relevant part: "On June 1, 1936, in a public
> highway called Boylston Street in Boston, Massachusetts, defendant negligently
> drove a motor vehicle against plaintiff who was then crossing said highway."

Here the plaintiffs' Complaint is 13 pages long with 46 numbered paragraphs (some with subparts) and 23 pages of exhibits. .  It adequately sets forth plaintiffs' facts and claims for defendants' violations of the FDCPA and the FCCPA.  Defendants have not addressed the United States Supreme Court's most recent decision on adequately stating a claim, nor have any of the cases that defendants cite addressed it.  Therefore, plaintiffs' complaint has adequately

stated a cause of action for defendants' violations of the FDCPA and the FCCPA as required by Rule 8 of the Federal Rules of Civil Procedure.

### E.   THE FCCPA CLAIMS SHOULD NOT BE DISMISSED.

Defendants next argue that plaintiff's state law claims should be dismissed. Def.Mem. p. 12-13.  Defendants are wrong.

Defendants assume that the FDCPA claims will be dismissed.  Thus, they reason that state law claims should also be dismissed.  As discussed in detail above, plaintiffs' FDCPA claims have been adequately stated.  Therefore, no basis exists for the dismissal of plaintiffs' FCCPA claims.  The Court has supplemental jurisdiction over those state law claims pursuant to 28 U.S.C. §1367.

### F.   MS. SPIES SHOULD NOT BE DISMISSED.

Next defendants argue that Ms. Spies should be dismissed from this action. Def.Mem. pp. 13-14.  Defendants are wrong.

Mr. and Mrs. Agan have invoked this Court's jurisdiction for defendants' violations of the FDCPA.  15 U.S.C. §1692k(d).  Ms. Spies has joined Mr. and Mrs. Agan alleging violations of the FCCPA on behalf of herself and the class.  To satisfy judicial economy Ms. Spies should be allowed to couple her state law claims with Mr. and Mrs. Agan's federal and state claims.  Otherwise, Mr. and Mrs. Agan will proceed with their claims in federal court while Ms. Spies will be forced to file her claims in state court.  Thus, two courts may be required to decide this matter.

### G.   THE STATE COURT ACTION PENDING AGAINST MR. AND MRS. AGAN HAS NO BEARING ON THIS FDCPA ACTION.

17

Defendants next argue that this case should be stayed pending the resolution of the condominium association collection action against Mr. and Mrs. Agan.  Def.Mem. pp. 14-15. Defendants are wrong.

The state court action, *Plaza East Association, Inc. vs. Ramsey Agan, et al.*, Case No.: 03-002210-81, is an action by the condominium association to collect the debt allegedly owed by Mr. and Mrs. Agan.  The defendants herein are not named parties in that litigation, and Plaza East Association, Inc. is not a party in this matter.  In this matter Mr. and Mrs. Agan have sued the defendant debt collectors for violations of the FDCPA and the FCCPA.  Thus the collection action in state court action is completely unrelated to this Federal Court litigation.

Various federal courts have addressed this situation in the context of debt collects bringing counterclaims to collect the debt in FDCPA litigation..  In *Leatherwood v. Universal Business Service Company*, 115 F.R.D. 48, 49 (W.D.N.Y. 1987), the district court concluded that the contract "claim against the plaintiff to collect the debt does not possess the characteristics associated with a compulsory counterclaim." Another district court stated "every published decision directly addressing the issue in this case has found FDCPA lawsuits and lawsuits arising from the underlying contractual debt are not compulsory counterclaims." *Hart v. Clayton-Parker and Associates, Inc.*, 869 F.Supp 774, 777 (D.Ariz. 1994) (citations omitted).  "The court thus finds that the FDCPA claim and the claim on the underlying debt raise different legal and factual issues governed by different bodies of law.  As such, the court concludes that defendant's state-law counterclaim is not logically related to plaintiff's complaint and is therefore not a compulsory counterclaim." *Id.* at 777-78.  Also see:

18

*Taylor v. Bryant, Inc.*, 2003 US Dist. LEXIS 13852 (D.Nev. Aug. 5, 2003).  Also, see:

*Evans v. American Credit Sys.*, 2003 U.S. Dist. LEXIS 22433 (D.Neb., Dec. 10, 2003).

        Thus, defendants' argument must be rejected.  The present litigation is brought

for defendants' violations of the FDCPA which grants this Court federal jurisdiction whereas the

state court action is for the collection of the debt allegedly owed by Mr. and Mrs. Agan.  In the

federal action the defendant debt collectors are the defendants while in the state court action the

condominium association is the plaintiff.  Thus, the matters are not related and delaying the

consideration of this case until the outcome of the collection action in state court Serves no

purpose.  Whether the consumer owes the underlying debt or not is not relevant in an FDCPA

action.  *McCartney v. First City Bank*, 970 F.2d 45 (5th Cir. 1992); *Baker v. G.C. Services Corp.*,

677 F.2d 775 (9th Cir. 1982);

## H.   **EXHIBITS C AND D ARE NOT CONFIDENTIAL.**

        In their last argument defendants claim that Exhibits C and D are confidential.

Def.Mem. pp.15-16.  Defendants are wrong.  This argument has no bearing here because whether

or not Exhibits C and D are protected does not apply to defendants' motion to dismiss.  Even if

defendants are correct on this point, it will not result in the dismissal of plaintiffs' complaint.

        Defendants have produced no evidence that Exhibits C and D were subject to a

confidentiality agreement or protective order.  Nor have they produced any documents that

Exhibits C and D arose in the context of settlement negotiations.  This is a contested matter.

Furthermore, these incriminating documents may be obtained through discovery from the

defendants.

        The defendants now seek to avoid their culpability in attempting to collect the

deceitful, exaggerated, misrepresented claim for fees and costs, not by contesting the obvious overstatement of the amounts, but by contending that the consumer AGAN is not entitled to know the falsehood of their statements and/or is precluded from presenting the evidence of their intentional misrepresentations to this court.

The defendants sought to obtain exaggerated fees and costs for services not provided, provided the documents pursuant to a statutory request for verification, but now seek to preclude this court from considering the very documents which establish the deception.

The defendants argue that the attorney time and costs records relating to AGAN were provided pursuant to settlement negotiation in behalf of their client PLAZA EAST. They make no such assertion with respect to the records provided on SPIES: The SPIES records having been provided in court proceeding as part of an attempt to have a court award fees and costs.

AGAN'S counsel, in the PLAZA EAST foreclosure action, sought verification of the debt pursuant to 15 USC §1692 inclusive of Katzman and Korr, P.A.' claim for attorney fees and costs.

In response, PLAZA EAST counsel, Katzman and Korr, P.A., provided its attorneys fees and costs documents with no qualification or characterization that the records were "for settlement purposes only" nor did they cite F.S. 90.408, F.S. 45.061, or F.R.C.P. 1.442(b) if that was to be the intent.

There is no provision under the FDCPA or the FCCPA which allows a debt collector who attempts to deceive or misrepresent a debt to the "least sophisticated consumer" to shield itself from the very consequences of its own actions, especially when the consumer is

20

seeking a verification of the debt as provided by 15 USC §1692.

Lastly, if there were settlement negotiations, regarding the attorney fees and costs, which there were not, it would only apply to the client, PLAZA EAST, not the attorney debt collectors, Katzman and Korr and all such records would have to be provided in any claim to recover their fees and costs in the Plaza East matter.

21

## V.   <u>CONCLUSION</u>

Plaintiffs have demonstrated that their claims that defendants in their attempt to collect condominium assessments violated both the FDCPA and the FCCPA have been adequately pled.  Defendants' motion to dismiss must be denied.


_____
F. Blane Carneal
403 SW 8 Street
P.O. Box 030129
Fort Lauderdale, FL 33303
(954) 527-0400
(954) 527-0408 (FAX)

O. Randolph Bragg
Trial Counsel
HORWITZ, HORWITZ & ASSOCIATES
25 East Washington Street, Suite 900
Chicago, IL 60602
(312) 372-8822
(312) 372-1673  (FAX)

**ATTORNEYS FOR PLAINTIFFS**

22

## CERTIFICATE OF SERVICE

I, F. Blane Carneal, do hereby certify that on February 3rd, 2000, a

copy of the foregoing document was sent by first class mail to:

James M. Kaplan
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER
International Plaza
100 SE 2nd Street
Suite 3800
Miami, FL 33131

F. Blane Carneal